UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH KASTNER, *et al.*,

                                    Plaintiffs,

                    -against-                                    19-CV-10668 (CM)

TRI STATE EYE, *et al.*,                                    ORDER TO AMEND

                                    Defendants.

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that

Defendants violated his rights. For the reasons set forth below, the Court grants Plaintiff leave to

file an amended complaint within thirty days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon*

*Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.

2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this 154-page, single-spaced complaint, most of which contains bold text

in all caps, against: (1) Tri State Eye; (2) Crystal Run Healthcare; (3) Coverys RFG, Inc; (4)

Douglas Sansted; (5) Feldman, Kleidman, Coffey & Sappe; (6) Orange Regional Medical Center (OMRC); (7) New York State; (8) Town of Newburgh New York Police; (9) Town of Middletown New York Police Department; (10) "The US Attorney"; (11) "The FDA"; (12) "USA"; (13) "The EEOC"; (14) "The SSA-USA"; (15) "The US Inspector General"; (16) "The US Department of Justice"; (17) "The US Department of Health & Human Services "HHS-HIPAA" Office of Civil Rights Enforcements"; (18) "The US Department of the Attorney General Office of Civil Rights Enforcements"; and (19) CIGNA.

Plaintiff asserts that he is

innocent of all [his] non violent past frivolous offenses and will prove it on examination: if asked: about how NYS, "SSA," et al. and others railroaded me all my life to ruin my name, because; I complain and protect, But some of the doctors in this case: are guilty of my physical harm and are violent criminal offenders: who are on the loose and are: a front: for their employers,' not including other employers and/in their 49 other states: through; proven not needed: blinking laser shots to myself and some of the entire trusted public in the USA.

(ECF No. 1, at 4.)[1] He brings:

claims for: malpractices, negligence, sheer greed by their 5 referred doctor's for, lying, cover-ups, threats, false truths (false medical histories,) lies, and assaults from each laser short that is {un-necessary that is a proven criminal assault} and conspiracy and the misuse/abuse of laser eye surgery equipment at ORMC with FDA violations, holding binding/blinding a patient against their/my will and wishes. Failure to inject and administer proper needed eye medicines/and future litigations. 30 day expired notice to cure violations and future laser changed procedures/laws are needed: attempted 2019 insurance fraud/extortion botched false NYS arrests for: Joseph rec Kastner and also for 2018.

(*Id.*) In short, Plaintiff asserts that a doctor associated with ORMC "destroyed [his] left eye's eye sight." (*Id.* at 35.)

---

[1] The Court notes that in the quoted sections of the complaint, it does not omit Plaintiff's unique use of punctuation.

Plaintiff filed two prior cases in this Court where he sued multiple unrelated defendants. *See Kastner v. State Farm Mutual Automobile Co. Corp.*, ECF 1:15-CV-2757, 8 (S.D.N.Y. Oct. 22, 2015); *The Homeless Patrol, Kastner v. Joseph Volpe Family*, ECF 1:09-CV-3628, 63 (S.D.N.Y. July 22, 2010). In the 15-CV-2757 action, Judge Loretta A. Preska noted that Plaintiff failed to comply with the pleading requirements under Rule 8 and Rule 20 of the Federal Rules of Civil Procedure because he (1) failed to make a short and plain statement showing he was entitled to relief, and (2) asserted unrelated claims against multiple defendants. Judge Preska granted Plaintiff leave to amend to cure this deficiency, but in his amended complaint, he failed to comply with Rule 8 and Rule 20, naming multiple defendants and asserting unrelated claims. Judge Preska dismissed the amended complaint for failure to state a claim.

## DISCUSSION

The Court's "special solicitude" for *pro se* pleadings, *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because *pro se* pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint's statement of claim should not be prolix (lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal*

*Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.")

Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact *common to all defendants* will arise in the action.") (emphasis added)); *e.g., Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that '[i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'") (alterations in original) (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009)).

Generally, district courts must construe *pro se* complaints liberally, but "even a *pro se* litigant cannot simply dump a stack of exhibits on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." *Carmel v. CSH & C*, 32 F. Supp. 3d 434, 436 (W.D.N.Y. 2014).

Plaintiff fails to make a short and plain statement showing that he is entitled to relief. Rather, he submits an unreadable 154-page complaint, apparently expecting the Court "to sift through" it to find Plaintiff's claims. *Carmel*, 32 F. Supp. 3d at 436. Moreover, the complaint does not suggest that any questions of law or fact are common to the 19 named defendants.

In recognition of the "special solicitude" afforded *pro se* litigants, the Court grants Plaintiff 30 days' leave to submit an amended complaint that complies with Rules 8 and 20 of the Federal Rules of Civil Procedure. The amended complaint must contain a short and plain statement showing that he is entitled to relief and may not contain unrelated claims against multiple defendants. Plaintiff's amended complaint must be limited to 20 pages. The Court strongly encourages Plaintiff to use the Court's amended complaint form.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-10668 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 13, 2019
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                        State             Zip Code

_____

Telephone Number           Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4: _____

　　　　　　　First Name　　　　　　　Last Name

　　　　　　　_____

　　　　　　　Current Job Title (or other identifying information)

　　　　　　　_____

　　　　　　　Current Work Address (or other address where defendant may be served)

　　　　　　　_____

　　　　　　　County, City　　　　　　State　　　　Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                          Plaintiff's Signature

_____
First Name                          Middle Initial          Last Name

_____
Street Address

_____
County, City                                   State                          Zip Code

_____          _____
Telephone Number                                Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.