UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH KASTNER,[1] | |
| Plaintiff, | 19-CV-10668 (CM) |
| -against- | ORDER TO AMEND |
| TRI STATE EYE, *et al.*, | |
| Defendants. | |

COLLEEN McMAHON, Chief United States District Judge:

By order dated December 13, 2019, the Court granted Plaintiff leave to amend his complaint to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. (ECF No. 2.) On January 2, 2020, Plaintiff filed his amended complaint, partially complying with the December 13, 2019 order. For the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint within thirty days of the date of this order.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings

---

[1] In the caption of the complaint, Plaintiff Joseph Kastner includes various descriptions of himself, including "devisees, future parties, personal federal civil requested trial representatives and his, her, or their or any of their, successors in right," but he is the only named individual listed in the complaint who signed the amended complaint. Thus, although he refers to himself as "Plaintiffs," the Court refers to him as "Plaintiff."

liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff initially filed a 154-page, single-spaced complaint asserting claims against 19 defendants regarding his eye surgeries. Because the complaint appeared to bring unrelated claims against unrelated defendants, the Court granted Plaintiff leave to file an amended complaint, in compliance with Rule 8 and Rule 20 of the Federal Rules of Civil Procedure. Plaintiff filed a 21-page amended complaint, but it still does not comply with either rule.

Plaintiff names the same 19 defendants, though his claims primarily concern Defendants TriState Eye (TriState), Crystal Run Healthcare (Crystal Run), and the Orange Regional Medical Center (ORMC). He also refers to three doctors who he does not name as defendants: Glenn Green of Mid-Hudson Retina Consultants, Matthew Pomicada of Crystal Run, and Paul Guerriero of TriState. He alleges that he "went for diabetic routine eye injections at NYS DOC," Crystal Run, ORMC, and TriState. (ECF No. 3 at 5.) But "[i]nstead of maintaining my great vision in my two eye's [sic] all 5 defendants inclusive of . . . NYS DOC Department of Correction [who is not named] BLINDED BOTH OF MY EYES." (*Id.*) He claims that he "[c]annot see properly in my right eye and my left eye was my better eye of my two eyes which is now permanently blind for life." (*Id.*)

Plaintiff alleges that "[t]he last unnecessary operation was at Sept. 2018 . . . [and that] CIGNA is a third party and should now be refunded over $80,000.00 at the discretion of the US Attorney and this court." (*Id.*)

**DISCUSSION**

Because Plaintiff's allegations suggest that during some point in his treatment, he *may have been* in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), the Court construes the complaint as asserting a claim that under 42 U.S.C. § 1983, his constitutional rights were violated. To state a claim under § 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Here, it is not clear whether Plaintiff was in DOCCS custody when he received the treatment of which he complains or whether DOCCS was responsible for that treatment. Moreover, Plaintiff does not name any individual defendant who violated his rights while he was in DOCCS custody. Thus, the Court grants him leave to file a second amended complaint. The second amended complaint must contain a short and plain statement showing that the named individual defendants violated his rights while he was in DOCCS custody. The second amended complaint may not contain unrelated claims against multiple defendants and it must be limited to 20 pages. The Court strongly encourages Plaintiff to use the Court's second amended complaint form.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file a second amended complaint. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 19-CV-10668 (CM). A Second Amended Civil Rights Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     February 3, 2020
           New York, New York

_____
         COLLEEN McMAHON
   Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**SECOND AMENDED**

## COMPLAINT

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                            State                        Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                                   State                  Zip Code

Defendant 2:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                                   State                  Zip Code

Defendant 3:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                                   State                  Zip Code

Defendant 4:

First Name                     Last Name                          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                                   State                  Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____      _____
Dated                                     Plaintiff's Signature

_____
First Name               Middle Initial        Last Name

_____
Prison Address

_____
County, City                     State            Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____