UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH KASTNER,<br><br>                              Plaintiff,<br><br>              -against-<br><br>TRI STATE EYE, *et al.*,<br><br>                              Defendants. | 19-CV-10668 (LLS)<br><br>ORDER |

LOUIS L. STANTON, United States District Judge:

By order dated December 13, 2019, the Court granted Plaintiff leave to amend his complaint to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. (ECF No. 2.) On January 2, 2020, Plaintiff filed his amended complaint, but he failed to comply with the December 13, 2019 order. (ECF No. 3.) The Court therefore granted Plaintiff leave to file a second amended complaint, which Plaintiff did on February 24, 2020. (ECF No. 4-6.)

The Court has reviewed Plaintiff's second amended complaint, and for the reasons set forth below, the Court directs Plaintiff to show cause within 30 days of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal

subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

In Plaintiff's amended complaint, he suggested that he may have been in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) when he suffered an injury during an eye surgery in 2018. (ECF No. 3, at 5.) The Court therefore construed the complaint as asserting a claim under 42 U.S.C. § 1983 and granted Plaintiff leave to assert facts showing that state actors caused his injury. In Plaintiff's second amended complaint, he failed to state any facts showing that he was in DOCCS' custody at the time of the events giving rise to any of his claims.

Moreover, according to New York State court records, Plaintiff's conviction and sentence predated the 2018 surgery. *See People v. Kastner*, 132 A.D.3d 420 (App. Div. 1st Dep't 2015) (affirming Plaintiff's conviction and one-year sentence). The Appellate Division's decision does not include the date of Plaintiff's conviction, but because he was sentenced to a one-year term, and the Appellate Division's decision was issued in 2015, the Court concludes that Plaintiff was not in DOCCS' custody in 2018.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendants reside in New York, precluding complete diversity of citizenship.

The Court therefore orders Plaintiff to show cause, within 30 days of the date of this order, why this action should not be dismissed for lack of subject matter jurisdiction. If Plaintiff fails to comply with the Court's order within the time allowed, or does not show good cause for his failure to comply, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

## CONCLUSION

A copy of this order is to be mailed in chambers.

The Court directs Plaintiff to show cause within 30 days of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A declaration form is attached to this order.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov. *Pro se* parties also are encouraged to consent to receive all court documents electronically. A consent to electronic service form is available on the Court's website. *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:   June 10, 2020
         New York, New York

                                        Louis L. Stanton
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

-against-                                              Case No. _____ CV _____

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)                          Signature
                                                           _____

_____            _____
Name                                                      Prison Identification # (if incarcerated)

_____            _____
Address                          City                           State        Zip Code

_____            _____
Telephone Number (if available)              E-mail Address (if available)