UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH KASTNER, *et al.*

                        Plaintiffs,

                -against-                                    19-CV-10668 (LLS)

TRI STATE EYE, *et al.*,                                    ORDER OF DISMISSAL

                        Defendants.

LOUIS L. STANTON, United States District Judge:

        By order dated December 13, 2019, the Court granted Plaintiff leave to amend his

complaint to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. (ECF No. 2.)

On January 2, 2020, Plaintiff filed his amended complaint, but he failed to comply with the

December 13, 2019 order. (ECF No. 3.) The Court therefore granted Plaintiff leave to file a

second amended complaint, which Plaintiff did on February 24, 2020. (ECF No. 4-6.) The Court

reviewed the second amended complaint and concluded that the Court does not have subject

matter jurisdiction over Plaintiff's claims. Thus, the Court directed Plaintiff to show cause why

this action should not be dismissed for lack of subject matter jurisdiction.

        On July 14, 2020, Plaintiff submitted an "Answer to Order Affidavit," where he

principally reiterated the claims he raised in his original complaint. More importantly, he failed

to show cause why this Court has jurisdiction over his claims. The Court therefore dismisses the

action without prejudice.

## STANDARD OF REVIEW

        The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). The Court is obliged, however to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action concerns Plaintiff's eye surgery, in which he claims he became legally blind in one of his eyes after the surgery. Familiarity with the procedural history of this case is presumed for the purposes of this order.

On December 13, 2019, the Court granted Plaintiff leave to amend his 154-page complaint because the pleading failed to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure. (ECF No. 2.) In that order, the Court directed Plaintiff to limit the amended complaint to 20 pages. (*Id.*) Plaintiff partially complied with the order by filing a 21-page amended complaint, clarifying his claims, and suggesting that he may have been in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) when he suffered an injury during an eye surgery in 2018. (ECF No. 3, at 5.) The Court construed the amended complaint as asserting a claim under 42 U.S.C. § 1983 and granted Plaintiff leave to assert facts showing that state actors caused his injury.

In Plaintiff's second amended complaint, he failed to state any facts showing that he was in DOCCS' custody at the time of the events giving rise to his claims. The Court therefore ordered him to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Plaintiff's response to the order to show cause failed to do so.

Plaintiff is understandably unaware of the law's requirements for a complaint, which is what starts a legal proceeding. Rule 8(a) of the Federal Rules of Civil Procedure describes the contents of a complaint as

1. a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

2.  a short and plain statement of the claim showing that the pleader is entitled to relief; and

3. a demand for the relief sought, which may include relief in the alternative or different types of relief.

. . . . .

(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

1. *In General*. Each allegation must be simple, concise, and direct. No technical form is required.

Plaintiff's submission is at least 155 pages long and extremely repetitious, an unfair burden on a busy court with many litigants demanding attention. It contains a great deal of extraneous matter, such as argument, legislative history, jury instructions, and summonses for lawsuits in White Plains.

Its underlying claims attract great sympathy: that due to medical negligence, incompetence and carelessness Plaintiff was administered so many excessive laser shots (over 1,600) that his retinas were ruined, and he is blind in one eye, partly blind and failing in the other.

But Plaintiff does not show that this Court's limited jurisdiction applies to this matter. (The general jurisdiction of New York State courts probably would.) He assumes there is jurisdiction under the federal Americans with Disabilities Act (ADA). However, there is no showing of the ADA applying to this case. Plaintiff mentions "violations of ADA" occasionally in his papers, *e.g.*, pp. 2, 9, 29, 71-78, but gives no facts showing a violation of ADA's provisions.

This is basically a state-law, straight-forward medical malpractice case, apparently with very sympathy-evoking facts, but over which this Court has no jurisdiction.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated:   September 28, 2020
         New York, New York

_____
                    Louis L. Stanton
                    U.S.D.J.

4